IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-12-0268 |
| v. | § | |
| | § | CIVIL ACTION NO. H-13-0779 |
| JOSE ANTONIO GRANDE REVELO. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Jose Antonio Grande Revelo, proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket Entry No. 99.) The Government filed a motion to dismiss (Docket Entry No. 109), to which Defendant filed a response (Docket Entry No. 110).

Based on consideration of the motions, the response, the record, and the applicable law, the Court GRANTS the motion to dismiss, DENIES the section 2255 motion, and ORDERS as follows.

*Procedural Background and Claims*

Defendant pleaded guilty to conspiracy to harbor and transport undocumented aliens within the United States for financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). The Court sentenced him to 70 months imprisonment, to be followed by a three-year term of supervised release. In accordance with the waiver provision in his written plea agreement, Defendant did not pursue an appeal.

Petitioner presents two habeas claims in the instant proceeding, raising ineffective assistance of trial counsel and an unreasonable sentence. The Government moves to dismiss the claims on procedural grounds and for lack of merit.

### *Standard of Review*

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). He may challenge his conviction or sentence after it is final by moving to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Relief under section 2255 is reserved, however, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). Section 2255 relief is available only in limited circumstances, and is not meant to substitute for an appeal. *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991).

Generally, a conviction will be overturned under section 2255 only if the defendant raises "issues of constitutional or jurisdictional magnitude" and demonstrates "cause and actual prejudice." *Id.* That is, section 2255 relief is not to be used for the routine correction of run-of-the-mill legal or factual errors, particularly if these issues could have been raised on appeal.

*Analysis*

*Ineffective Assistance of Trial Counsel*

To prevail on claims of ineffective assistance of counsel, a defendant must show that counsel's performance was so defective that it prejudicially violated his constitutional right to effective assistance of counsel. Defendant must satisfy a two-pronged test under the familiar *Strickland* standard, and the court can consider the prongs in either order. *Strickland v. Washington*, 466 U.S. 668 (1984). Under the first prong, a defendant must show that counsel's performance fell below an objective standard of reasonableness. *Id*. at 687–88. The defendant must overcome the strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.* Under the second prong, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* The Fifth Circuit Court of Appeals has held that, under *Strickland,* "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002).

Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. It is the defendant's burden to overcome the strong presumption of reasonableness. *Id.* In deciding a claim of

3

ineffective assistance, the court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. *Id.* at 690. *Strickland* demands that the likelihood of a different result "must be substantial, not just conceivable." *Harrington v. Richter*, ___U.S. ____, 131 S. Ct. 770, 792 (2011).

In his motion, Defendant argues that counsel was ineffective because if there was a sentencing enhancement, he failed to object to it, and that any objection would have been granted. Defendant's argument is conclusory in its entirety, and he asserts no facts in support of his argument. He fails to identify a relevant enhancement provision, fails to identify why it was objectionable, fails to identify the objection counsel should have raised, and fails to show that the objection would have been granted had it been raised by counsel. In short, Defendant establishes neither deficient performance nor actual prejudice, and his ineffective assistance claim is groundless. *See United States v. Demik*, 489 F.3d 644, 646–47 (5th Cir. 2007) (holding that vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim.)

Construed liberally, Defendant appears to argue that counsel failed to object to the points assessed under U.S.S.G. § 2L1.1(b)(2) on the basis that 100 or more undocumented aliens were involved in the offense. However, the record shows that defense counsel persistently argued, in open court and in written motions, that Defendant should not be held accountable for 100 or more aliens based on information in the PSR and investigative reports. (Docket Entries No. 74, 105.) Additionally, counsel argued against a leadership

4

role enhancement in his written objections and at the sentencing hearing. *Id*. Defendant's complaint regarding counsel's alleged failures to object to these matters is refuted by the record and without merit.

The Government is entitled to dismissal of Defendant's claim for ineffective assistance of counsel.

*Unreasonable Sentence*

Defendant contends that his 70 month sentence is prima facie unreasonable because it falls outside the standard range for the offense and there were no facts justifying any significant sentence enhancement. The Government correctly argues that this claim is procedurally barred. Moreover, Defendant again relies on supposition and assumptions in presenting his argument, and his argument is unsupported in the record.

Sentencing error or a challenge to the technical application of the Sentencing Guidelines does not give rise to a constitutional issue cognizable under section 2255. *See U.S. v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994). Regardless, as correctly argued by the Government, Defendant's sentence was both procedurally and substantively reasonable. This Court's review of the PSR shows that the sentencing calculations are supported by the evidence, and that Defendant received a minimum sentence available under the relevant Guidelines. The conspiracy for which Defendant was convicted encompassed several years and involved well over 100 undocumented aliens. The evidence showed that Defendant led

the conspiracy, that he hired the drivers, provided the transportation vehicles, and rented the motel rooms to house the aliens until they had paid their destination fees.

Defendant's arguments are without merit, and the Government is entitled to dismissal of Defendant's unreasonable sentence claim.

### *Conclusion*

The Government's motion to dismiss (Docket Entry No. 109) is GRANTED, and Defendant's section 2255 motion (Docket Entry No. 99) is DENIED. A certificate of appealability is DENIED.

The Clerk of Court is ORDERED to ADMINISTRATIVELY CLOSE and TERMINATE all pending motions in the corresponding civil case, C.A. No. H-13-0779.

Signed at Houston, Texas on April 14, 2014.

_____
Gray H. Miller
United States District Judge